

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXX~~N
**ATTORNEY GENERAL**

February 3, 1939

Hon. R. L. Daniel, Chairman
Board of Insurance Commissioners
Land Office Building
Austin, Texas

Dear Sir:

Opinion No. O-222
Re: Whether the Board of Insurance
Commissioners should have joint
control over sums of money in
excess of $60,000.00 of a
Lloyds Insurance Co.

Your letter of January 24th, 1939 to this department, wherein
you ask a question with respect to the joint control of the Board of
Insurance Commissioners and the Attorney-In-Fact of a Lloyds Insurance
Company, has been referred to the writer for attention.

In order that the basis for your question and the answer herein
given might be better understood by all affected by this opinion, we set
out the pertinent parts of your letter, which are as follows:

"Article 5017 provides that before an attorney-in-fact
can be licensed for underwriters at a Lloyds, a deposit
of at least $60,000 in cash, or convertible, admissable
securities shall be put up on contributed, and that no
attorney-in-fact shall be licensed to transact more than
one kind of business under this Chapter, unless the net
assets, as defined, belonging to such underwriters at
Lloyds, shall be as much as $10,000 additional for each
additional kind of insurance designated in the application
for license. Article 5017e provides for the joint control
by the attorney-in-fact for the underwriters and the
Board of Insurance Commissioners of the assets of the
organization.

The ENGLISH AMERICAN LLOYDS of San Antonio has here-
tofore placed $60,000 under joint control of the Board
of Insurance Commissioners and the attorney-in-fact for
said company. Said organization now desires to contribute
$10,000 more to its assets and wishes to be licensed to
write an additional line of insurance. However, they
are taking the position that this additional $10,000,
over and above the $60,000 previously placed under joint

control, is not required to be under the joint
control of the Board of Insurance Commissioners and the
attorney-in-fact.

Since the statute is not quite clear as to what
it means the question which arises is: why should the con-
tribution of the additional $10,000 be considered at all
if the Board has no control over it? We will ask you to
please give us your opinion as to whether or not the additional
$10,000, over and above the $60,000 now under joint control,
which the company now desires to place in its assets for a
permit to write one additional line should also be placed
under the joint control of the Board of Insurance Commissioners
and the attorney-in-fact for the organization, or is it
sufficient for the underwriters to show that they have this
additional $10,000 in the hands of the attorney-in-fact?"

The question submitted involves not only a construction
of Articles 5017-5017e of our statutes, but requires that we ascertain
the legislative intent in the passage of all the articles incorporated
in Chapter 19, Revised Civil Statutes of Texas of 1925.

Article 5017 reads as follows:

"No attorney shall be licensed for the underwriters
at a Lloyd's under this chapter unless the net assets,
including the guaranty fund contributed to the attorney,
a committee of underwriters, trustees or other officers
as provided for in the articles of agreement, shall be
at least sixty thousand dollars in cash, or convertible,
admissble securities; nor shall any attorney be licensed
for any underwriters at a Lloyd's to transact more than
one kind of business as defined in the third article of
this chapter, unless the net assets, as they are herein
defined belonging to such underwriters at Lloyd's, shall
be as much as ten thousand dollars additional for each
additional kind of insurance designated in the application
for license."

Article 5017e is the only article of our statutes providing
for and establishing joint control over funds of a Lloyd's and reads:

"The assets of underwriters at a Lloyd's to the
extent of the minimum required under the provisions of
this chapter shall be submitted to and subjected to the
joint control of the attorney-in-fact for such underwriters
and the Board of Insurance Commissioners, in some manner
satisfactory to the Board, so that the same may not be
withdrawn or diverted, or expended, except with the
approval of the Board and the purposes provided for in
this chapter. Such underwriters, however, shall be

entitled to the interest or income accruing from such
property or securities as may be placed under the joint
control of such attorney in fact and the Board as and when
the same is payable. Provided, however, in lieu of such
joint control any attorney in fact at a Lloyd's now doing
business in this State may give bond in the sum of twenty-
five thousand dollars for the safe keeping of assets, to
be released only on approval of the Board of Insurance
Commissioners, and in such form and with co-operate surety
as shall be approved by the Board of Insurance Commissioners."

It will be noted that such joint control is provided for "to
the extent of the minimum under the provisions of this chapter." The
minimum established by Article 5017 is $60,000, but to what type of com-
pany is the minimum of $60,000 applicable? The very language in Article
5017 makes it clear that such minimum of $60,000 is applicable to a com-
pany limited to writing one kind or line of insurance. Before it can be
licensed to write an additional line of insurance, it must be shown that
the attorney-in-fact has in his possession an additional net sum of $10,000
over and above the $60,000 required to write one line of insurance. Thus,
if a company is to write two lines of insurance, the minimum required before
a license can be issued by the Board of Insurance Commissioners, is $70,000.
If three lines are to be written, the admissible assets including the
guaranty fund, must total $80,000. This increase of assets in amounts of
$10,000 per line continues until every kind or line of insurance enumerated
in, and not otherwise prohibited by Article 5015, may be written. In each
of these cases the amount of minimum required is limited and controlled
solely by the number of lines of insurance to be written.

The very purpose of the Legislature, in providing joint control
of the assets of such company, was manifestly to create a safeguard, by
which the assets so contributed regardless of the amounts thereof, could be
held secure for the benefit of the policyholders. In carrying out such
purpose, they provided by Article 5017e, for joint control to the extent
of the minimum established.

It is, therefore, the opinion of this department, and you are
so advised that the $10,000.00 over and above the $60,000.00, now under
joint control, which the ENGLISH AMERICAN LLOYDS of San Antonio proposes
to contribute for the purpose of securing a license to write another
line of insurance, must be placed under the joint control of the attorney-
in-fact and the Board of Insurance Commissioners.

Trusting that this answers your inquiry, we are

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Lloyd Armstrong
                    Assistant

LA:ob-ds